**UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ZLORO JOHNSON<br>and<br>ROD L. FEYEDELEM<br>*on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC<br>and ENCORE CAPITAL GROUP,<br>INCORPORATED<br><br>Defendants. | Case No.: 1:05-cv-01094<br><br>Honorable Solomon Oliver, Jr.<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE** |

| | |
|---|---|
| Dennis E. Murray, Sr. (0008783)<br>Donna Jean A Evans (0072306)<br>Murray and Murray CO. LPA<br>Attorneys for Plaintiff<br>111 East Shoreline Drive<br>P.O. Box 19<br>Sandusky, OH 44871-0019<br>(419) 624-3000 | William M. Thacker (0067847)<br>Dykema Gossett PLLC<br>Attorneys for Defendants<br>2723 South State Street, Suite 400<br>Ann Arbor, MI 48104<br>(734) 214-7646<br><br>Lori McAllister (admitted *pro hac vice*)<br>Theodore W. Seitz (admitted *pro hac vice*)<br>Co-counsel for Defendants<br>Dykema Gossett PLLC<br>Capitol View<br>201 Townsend St., Suite 900<br>Lansing, MI 48933<br>(517) 374-9100 |

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·CAPITOL VIEW 201 TOWNSEND STREET SUITE 900·LANSING, MICHIGAN 48933

**INTRODUCTION**

In response to Defendants' Midland Credit Management, Inc. and Encore Capital Group Inc.'s (hereinafter collectively referred to as "Defendants") Motion to Strike, Plaintiff offers no justification for filing a Second Amended Complaint that does not comply with this Court's August 24, 2006 Order (the "Order"). Instead, Plaintiff appears content to disregard this Court's Order and place Defendants in the position of relitigating issues that this Court has already decided. For example, Plaintiff unabashedly continues to request injunctive relief, even though this issue was summarily disposed of by the Court. In doing so, Plaintiff disingenuously treats his request for injunctive relief, as also being a claim for declaratory relief. This is a red herring—Plaintiff's Second Amended Complaint does not contain a request for declaratory relief.

Ultimately, Plaintiff asks this Court to ignore his improper request for injunctive relief, because it will "not prejudice" Defendants. This is untrue. Defendants will certainly be prejudiced if they are forced to continue to broadly defend against claims that this Court has already specifically dismissed. Therefore, Plaintiff's request for injunctive relief and individual actual damages must be stricken.

**ARGUMENT**

**I.  Plaintiff's Request For Injunctive Relief Must Be Stricken From The Second Amended Complaint.**

As an initial matter, Plaintiff claims that his Second Amended Complaint does not contain those "allegations and causes of action that were expressly disposed by the Court." This is false. For example, although Plaintiff intimates otherwise, the Court's Order is very clear on the issues of injunctive and declaratory relief. The Order states:

> The civil damages section of the FDCPA provides for actual
> damages and statutory damages not to exceed $1,000 per plaintiff.

> 15 U.S.C. § 1692k(a). In class actions, the statute provides for the same actual and statutory damages for named class representatives, a lump sum for the remainder of the class, attorneys' fees and costs. *Id*. at § 1692k(a)(2)(B). The statute does not explicitly provide for injunctive or declaratory relief. Most courts which have addressed the issue have held "injunctive and declaratory relief are not available to litigants acting in an individual capacity under the FDCPA." *See, e.g., Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004). However, multiple courts, including courts within this Circuit, have allowed declaratory relief for class action plaintiffs under the FDCPA. *E.g., Mann v. Acclaim Fin. Servs.*, 232 F.R.D. 278, 285-86 (S.D. Ohio 2003); *Gradisher v. Check Enforcement Unit, Inc.*, 203 F.R.D. 271, 280 (W.D. Mich. 2001); *Gammon v. GC Servs. Ltd. Partnership*, 162 F.R.D. 313, 319 (N.D. Ill. 1995); *Woodard v. Online Information Servs.*, 191 F.R.D. 502, 507 (E.D.N.C. 2000).
>
> **Plaintiffs have cited no case in which a court has permitted injunctive relief to an individual plaintiff under the FDCPA, and the statute does not explicitly provide for <u>injunctive relief</u>. Thus, this court finds they are not entitled to <u>injunctive relief</u>, and Defendants' motion for summary judgment is granted as to this issue.** Moreover, the court finds that as an individual plaintiff, Johnson is not entitled to declaratory relief. **However, the court will consider the availability of <u>declaratory relief</u> to the putative class when evaluating whether or not a class should be certified.**

(ECF Dkt. 81 at p. 34) (emphasis added).

By way of further example, the Court noted several cases– **denying injunctive relief for Plaintiffs as individuals and for the putative class, but leaving open the issue of declaratory relief for the putative class.** (ECF Dkt. 81 at p. 34). In *Mann v. Acclaim Financial Services, Inc.*, 232 F.R.D. 278 (S.D.Ohio 2003), the court held:

> Acclaim is correct in arguing that, as a general matter, injunctive relief is not authorized in FDCPA cases. However, corresponding declaratory relief has been allowed in FDCPA cases. While the United States Court of Appeals for the Sixth Circuit has not directly addressed this issue, several district courts within the Sixth Circuit have certified Rule 23(b)(2) classes in FDCPA cases. *See Gradisher v. Check Enforcement Unit, Inc.,* 203 F.R.D. 271, 280 (W.D.Mich.2001); *Carroll,* 2002 WL 31936511. In fact, this Court has recognized that a Rule 23(b)(2) class certification may be

3

> appropriate in FDCPA cases. *See Edwards,* 196 F.R.D. 487; *Foster v. D.B.S. Collection Agency,* (unreported) 2002 WL 484500 (S.D.Ohio March 26, 2002). Thus, this Court concludes that a Rule 23(b)(2) class is appropriate in this case where declaratory relief is sought by the class for alleged violations of the FDCPA.

*Mann*, 232 F.R.D. at 285-86.

Similarly, in *Gammon v. GC Services Limited Partnership*, 162 F.R.D. 313 (N.D. Ill. 1995), the court held:

> **GC Services, however, correctly points out that injunctive relief is not available to private litigants under the FDCPA.** *See, e.g., Zanni v. Lippold*, 119 F.R.D. 32, 34 (N.D.Ill.1988) (noting that the legislative history and statutory language indicate that Congress did not intend the FDCPA to provide injunctive relief to private litigants); *Strong v. National Credit Management Co.*, 600 F.Supp. 46, 47 (E.D.Ark.1984) (concluding that no private right to seek injunctive relief should be implied under the FDCPA); *Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (stating that equitable relief is not available to an individual under the FDCPA); *Duran v. Credit Bureau of Yuma*, 93 F.R.D. 607, 608 (D.Ariz.1982) (noting that courts are without jurisdiction to grant injunctive relief under the FDCPA). Gammon states in his reply that he "does not agree" with the above decisions, but provides no support for his position that the FDCPA allows for injunctive relief. His point is not well taken. **Accordingly, this Court agrees with the conclusion in the above cases that injunctive relief is not available to Gammon under the FDCPA. Gammon is therefore left with his claims for declaratory relief and statutory damages.**

*Gammon*, 162 F.R.D. at 319-20 (emphasis added).[1]

This Court, just like the courts in *Mann* and *Gammon*, clearly held that injunctive relief is not available to "private litigants" under the FDCPA, whether those private litigants are seeking

---

[1] It is axiomatic that any members of the putative class in this case would be "private litigants." In this regard, like the putative class plaintiffs in this case, the class plaintiffs in *Gammon* were similarly limited to declaratory relief because they were also "private litigants." 162 F.R.D. at 313-320.

4

such relief individually—or on a class wide basis. Accordingly, this Court granted Defendants' Motion for Summary Judgment on the issue of injunctive relief.

Nevertheless, Plaintiff argues that this Court denied injunctive relief for only the individual Plaintiffs, but not for the putative class. In other words, Plaintiff contends that this issue can be re-litigated within the context of class certification. This is wrong for several reasons. First, as explained, *supra*, Plaintiff's interpretation of this Court's Order is inconsistent with its plain language and with the authority the Court cited in support of its Order. Moreover, Plaintiff's position that *Woodard v. Online Information Services*, 191 F.R.D. 502 (E.D.N.C. 2000), supports his proposition that private class action plaintiffs are entitled to injunctive relief under the FDCPA, is incorrect. In *Woodard*, the plaintiff sought only declaratory relief; injunctive relief was not at issue. *Woodard*, 191 F.R.D. at 507. Simply put, as this Court noted in its Order, there is simply no precedent for allowing injunctive relief to private litigants—either individually or on a classwide basis—under the FDCPA.

Consequently, Plaintiff's contention that his Second Amended Complaint was crafted in accordance with this Court's Order is patently false. In his Second Amended Complaint, Plaintiff clearly requests "[a] temporary, preliminary, and/or permanent order enjoining Defendants from attempting to collect debt in manners which violate § 1692g of the FDCPA." Such a request for relief is not in accordance with the FDCPA, or the "law of the case" pursuant to this Court's Order. Therefore, it must be stricken.

## II. Defendants Will Be Prejudiced If They Are Forced To Continue To Litigate Issues That The Court Has Already Dismissed From This Case.

Plaintiff's argument, that it is not necessary to strike his request for injunctive relief because there is no prejudice to the Defendants, is also erroneous. It is axiomatic that when requests for relief are not recoverable under the applicable law, motions to strike are

appropriately granted. 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 12.73[3] (3d ed. 2006). One reason for this is to avoid the needless time and expense of forcing a party to defend against a claim that, because it is not available, has "no bearing on the subject matter of the litigation and . . . its inclusion will prejudice the defendants. *Id.* (citing to *Oliner v. McBride's Indus.,* 106 F.R.D. 14, 17 (S.D.N.Y. 1985)); *see also*, *e.g.*, *Brokke v. Staufer Chem. Co.*, 703 F. Supp. 215, 222 (D.Conn. 1988)(striking claims for punitive damages under ERISA, because not available under statute).

In his response, Plaintiff takes a cavalier approach to the manner in which he presents the relief requested in the Second Amended Complaint. Plaintiff appears to argue that his Second Amended Complaint should not be read literally. Nevertheless, Plaintiff asks that this Court wait until the pre-trial conference or trial to deal with such matters anew. (ECF Dkt. 85, Response at 2-4). Such a suggestion makes no sense; indeed, it only further underscores the prejudice to Defendants if Plaintiff's claim for injunctive relief is not stricken. Plaintiff simply cannot provide any justification for forcing Defendants to continue to defend against the potential issuance of an injunction when that form of relief is unavailable under the FDCPA. Therefore, Defendants' Motion to Strike must be granted.

## **CONCLUSION**

For all of the foregoing reasons and those set forth in their Brief in Support, Defendants request this Court to Grant their Motion and to provide the following relief:

A.  Enter an Order pursuant to Rule 12(f), striking any and all claims for injunctive relief and Plaintiff's claims for individual actual damages; and

B.  Award Defendants their expenses, including reasonable attorney fees, incurred in bringing this Motion.

6

Dated:  October 18, 2006

Respectfully submitted,

*/s/ Theodore W. Seitz*
Lori McAllister (admitted *pro hac vice*)
Theodore W. Seitz (admitted *pro hac vice*)
Co-counsel for Defendants
Dykema Gossett PLLC
Capitol View
201 Townsend St., Suite 900
Lansing, MI 48933
(517) 374-9100

William M. Thacker (0067847)
Dykema Gossett PLLC
Attorneys for Defendants
2723 South State Street, Suite 400
Ann Arbor, MI 48104
(734) 214-7646

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·CAPITOL VIEW 201 TOWNSEND STREET SUITE 900·LANSING, MICHIGAN 48933

## **CERTIFICATION**

Theodore Seitz, counsel for Defendants, hereby certifies that the foregoing document was filed electronically on October 18, 2006. Notice of this filing will be sent to all parties via the Court's electronic filing system. Parties may access the filing through the Court's system.

|  |  |
|---|---|
|  | */s/ Theodore W. Seitz* |
|  | Lori McAllister (admitted *pro hac vice*) |
|  | Theodore W. Seitz (admitted *pro hac vice*) |
|  | Co-counsel for Defendants |
|  | Dykema Gossett PLLC |
|  | Capitol View |
|  | 201 Townsend St., Suite 900 |
|  | Lansing, MI 48933 |
| Dated: October 18, 2006 | (517) 374-9100 |

LAN01\163421.2
ID\TWS